## DANIEL MOLL ET AL.

### v.

## TOWN OF PICKAWAY.

ROADS AND BRIDGES—ACTION AGAINST COMMISSIONERS.—An action of debt brought against commissioners of highways by L., in the name of the town, under sections 59 and 60 of the act of 1879 entitled Roads and Bridges. L., without the consent of the commissioners or any one having authority to give consent, appropriated and used for repairing a culvert on a public highway a portion of some lumber which had been hauled by order of the commissioners to a certain bridge to be used for repairing said bridge. After the lumber had been used in repairing the culvert, the commissioners tore it out and took it back to the place from which it had been taken by L. *Held*, that this action will not lie against the commissioners. The property was not changed by being put in the culverts, but was still the property of the commissioners, which they had a right to use as would, in their judgment, best subserve the interests of the town.

ERROR to the County Court of Shelby county; the Hon. W. W. HESS, Judge, presiding. Opinion filed January 22, 1884.

Messrs. HAMLIN & HOLLOWAY, for plaintiffs in error; as to the construction of a penal statute, cited Edwards v. Hill, 11 Ill. 22; Waddle v. Duncan, 63 Ill. 224.

Messrs. STEPHENSON & BAUM, for defendant in error.

DAVIS, J. This was an action of debt brought before a justice of the peace to recover a penalty from plaintiffs in

error for removing plank from culverts on a public highway. Judgment was given for plaintiffs in error, from which judgment an appeal was taken to the county court and judgment was rendered in that court against plaintiffs in error for $25 to reverse which they bring the case to this court.

Plaintiffs in error were the commissioners of highways of Pickaway township, and this suit was brought against them by Isaac Longenbach in the name of the town, under section 59 and 60 of the act of 1879, entitled Roads and Bridges, pages 270 and 271.

In May, 1882, plaintiffs in error, as commissioners of highways of Pickaway township, ordered a quantity of lumber to be hauled from Weakly's mill to Hill bridge for the purpose of repairing the bridge. Before it was used for the purpose intended, a portion of it was hauled away by said Isaac Longenbach, the person who instituted this proceeding, without the consent of plaintiffs in error or any one having authority to give such consent. The lumber so obtained was used by him in repairing two culverts and making two bridges across on what he claimed to be a public road running through his farm. After it was so used, it was torn out by the plaintiffs in error, as commissioners of highways, and taken back to the place from which it was obtained, and for so doing this prosecution was instituted against them.

Section 59 of the act referred to provides: "If any person shall purposely destroy or injure any sidewalk, public bridge, culvert or causeway, or remove any of the timber or plank thereof or obstruct the same, he shall forfeit a sum not less than three dollars nor more than one hundred dollars, and shall be liable for all damages occasioned thereby and all necessary costs for rebuilding or repairing the same."

The only question arising in this case necessary for our determination, is whether plaintiffs in error are liable to prosecution under this section of the statute, for removing from the culverts, the plank belonging to them, as commissioners of highways, and appropriated by them for another public purpose.

It is clear that Longenbach had no right to take and use

Moll et al. v. Pickaway.

any of the lumber belonging to the commissioners of highways. If the overseer of highways gave him permission to work out his road tax on the road in question, that did not authorize him to do more than work out such tax, and if he promised him lumber with which to fix the culverts, application should have been made to him for such lumber.

But no authority was given by the overseer of highways, or by any one else having power to give such authority, to repair the culverts or to take the lumber belonging to the township or the commissioners of highways.

The law vests the commissioners of highways with the care and superintendence of highways and bridges in their respective towns, and imposes the duty upon them of giving directions for the repairing of such roads and bridges when the public interests or necessity require it. In the discharge of their duties plaintiffs in error procured lumber with which to repair Hill bridge, but before it could be used for that purpose Isaac Longenbach usurped the duties and powers of the commissioners, and decided that two culverts on the road passing through his farm needed repair more urgently than did Hill bridge, and arbitrarily and without any authority of law removed some of the lumber appropriated by the commissioners for repairing such bridge and used it for the purpose of repairing the culverts on the road passing through his farm. The property in the lumber was not changed by its being put in the culverts. It was still the property of the commissioners of highways, and it was their duty to use it where in their judgment it would best promote the interests of the township.

As the plank taken had been used in repairing and making culverts in a road claimed to be a public highway, it might have been as well had plaintiffs in error permitted it to remain where it was, as the township might ultimately have secured the full benefit of the lumber; but that was a matter for the sole determination of the plaintiffs, as commissioners of highways, and if they determined that it was for the best interest of the township to take the lumber from where it had been wrongfully placed and use it for the purpose originally

contemplated, or other purposes of the township, their action is final and can not be questioned. If they erred in judgment it was an error for which no prosecution will lie against them. The judgment must therefore be reversed.

Judgment reversed.